UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DOUGLAS QUIENALTY** | **CASE NO. 2:20-CV-01588** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FEDERATED NATIONAL INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment on Plaintiff's La. R.S. 22:1973 Claim for Mental Anguish Damages" (Doc. 14) filed by Defendant Federated National Insurance Company "FedNat." FedNat moves to dismiss Plaintiff, Douglas Quienalty's claim for mental anguish because (1) he cannot meet his burden of proving entitlement to mental anguish damages under Louisiana law, and (2) he cannot prove any causal link between his claimed mental anguish damages and FedNat's handling of the claim at issue.

## FACTUAL STATEMENT

On August 27, 2020, Hurricane Laura hit Louisiana. Mr. Quienalty filed the instant lawsuit due to a dispute with his insurer, FedNat, for property damages to property located in Lake Charles, Louisiana. In his lawsuit, Quienalty asserts a claim for mental anguish under Louisiana Revised Statute 22:1973. Plaintiff testified that he has not seen any health care providers related to the underlying claims. FedNat moves to dismiss Quienalty's claim for mental anguish.

.

## S<small>UMMARY</small> J<small>UDGMENT</small> S<small>TANDARD</small>

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F<small>ED</small>. R. C<small>IV</small>. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

FedNat maintains that Mr. Quienalty has failed to submit evidence to support his claim for mental anguish damages because he has not sought medical treatment related to the property damage claims made here. FedNat complains that Mr. Quienalty has asserted mental anguish claims in another Hurricane Laura lawsuit—*Douglas Quienalty v. Zurich American Insurance Company ("*Zurich lawsuit") for property owned by his wife, Angie Quienalty.

FedNat argues that the evidence and deposition testimony presented by Mr. Quienalty does not satisfy the burden of proof that would entitle Mr. Quienalty to mental anguish damages in this matter. FedNat further argues that Mr. Quienalty cannot prove a causal link between his claimed mental anguish damages and FedNat's handling of the property damage claims made here.

To recover for mental anguish under Louisiana Revised Statute § 22:1973, one need only demonstrate an insurer's breach of its duty of good faith and fair dealing and present testimony demonstrating "a real mental injury that one can reasonably expect a person in such a position to suffer." *Dickerson v. Lexington Ins. Co.,* 556 F.3d 290, 305 (5th Cir. 2009).

Mr. Quienalty testified at his deposition that he suffered stress and anxiety because of FedNat's bad faith claims handling.  Mr. Quienalty posits that it is not necessary for him to produce medical records or present expert testimony to demonstrate that he suffered

mental anguish to satisfy the requirements of Louisiana Revised Statute 22:1973. The Court agrees. See *Id.;* see also *Marr v. Argo Distr., LLC,* 904 So.2d 928, 934 (La.App. 3d Cir. 2005); *Stanford v. Town of Ball,* 903 So.2d 1235, 1245-46 (La.App. 3d Cir. 2005); *Ganheart v. Executive House Apartments,* 671 So.2d 525, 527-28 (La.App. 4 Cir. 1995).

The Court finds that Mr. Quienalty's claim for mental anguish damages stemming from an insurer's breach of the duty of good faith can be supported by deposition testimony without the need of a medical report and/or medical treatment.

## **CONCLUSION**

For the reasons set forth above, the Motion for Partial Summary Judgment will be **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 31st day of January, 2022.

*[signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**